Youssef H. Hammoud (SBN: 321934)
HAMMOUD LAW, P.C.
3744 E. Chapman Ave., #F12269
Orange, CA 92858
T: (949) 301-9692
F: (949) 301-9693
*Attorneys for Plaintiff*

*Hoda Issa*

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HODA ISSA<br><br>        Plaintiff,<br><br>v.<br><br>WAYFAIR LLC.<br><br>        Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. CCRAA, Cal. Civ. Code § 1785 *et seq.*<br>2. RFDCPA, Cal. Civ. Code § 1788 *et seq.* |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Hoda Issa ("Plaintiff"), through her attorneys, alleges the following against Wayfair LLC ("Wayfair").

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Consumer Credit Reporting Agencies Act ("CCRAA"), CAL. CIV. CODE § 1785 *et seq*, which regulates credit reporting agencies and furnishers of information from reporting incomplete or inaccurate information on a consumer's credit report.

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

4. Jurisdiction of the court arises under 28 U.S.C. § 1331, and 15 U.S.C. § 1681.

5. Supplemental jurisdiction of the court arises under 28 U.S.C. § 1367 as the state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. Defendant transacts business here; therefore, personal jurisdiction is established.

## PARTIES

8. Plaintiff Hoda Issa is a natural person residing in Orange County, California.

9. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1785.3(b).

COMPLAINT AND DEMAND FOR JURY TRIAL

10. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

11. Defendant Wayfair is a "person" as defined by Cal. Civ. Code § 1785.3(j).

12. Defendant Wayfair is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

13. Defendant Wayfair is an e-commerce company that sells furniture and home goods online. Wayfair can be served through its agent for service of process, Incorporating Services, Ltd., located at 7801 Folsom Blvd., #202, Sacramento, CA 95826.

14. Defendant acted through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15. In or around November 2021, Plaintiff applied for a Wayfair credit card that offered a 0% APR on purchases for 36 months.

16. Once approved, Plaintiff used her Wayfair credit card to purchase a few pieces of bedroom furniture, including 2 nightstands and an upholstered bench.

17. The upholstered bench was shipped in November 2021 and the 2 nightstands were shipped in April 2022.

COMPLAINT AND DEMAND FOR JURY TRIAL

18. Plaintiff received delivery of both the upholstered bench and the 2 nightstands.

19. In addition, Plaintiff had also purchased the matching king bed on a different credit card in or around November 2021.

20. The king bed was estimated to also ship in or around April 2022.

21. However, in or around April 2022, Wayfair informed Plaintiff that the King bed she purchased was on back-order, and would no longer be delivered in or around April 2022.

22. Defendant Wayfair also indicated that it could not give an estimation for when the king bed would return in stock.

23. In response, Plaintiff informed Defendant Wayfair that she wanted to return the items she received, and Defendant Wayfair agreed that she could return the items.

24. Defendant Wayfair cancelled the order for the King bed.

25. Defendant Wayfair set up a pickup appointment to occur in or around April 2022, for both the upholstered bench and the 2 nightstands.

26. In or around April 2022, Defendant's employees, agents and/or contractors, arrived to Plaintiff's home and picked up the upholstered bench and the 2 night stands.

COMPLAINT AND DEMAND FOR JURY TRIAL

27. Despite receiving all three (3) items, Defendant only refunded Plaintiff for the 2 nightstands.

28. Plaintiff was unaware that Defendant did not refund her for the upholstered bench.

29. Thereafter, Plaintiff continued to receive monthly statements from Defendant for an amount she no longer owed.

30. Plaintiff's account was set on autopay so that she ensures she doesn't miss any payments and her credit is not harmed as a result of a late payment.

31. In or around May 2022, Plaintiff received a monthly statement from Defendant Wayfair indicating she still had a balance owed on the credit card.

32. Plaintiff contacted Defendant and informed it that she returned all the items and no longer owed any money.

33. Thereafter, Defendant issued a credit to Plaintiff's credit card for only the two nightstands, not the upholstered bench.

34. However, Plaintiff continued to receive monthly statements indicating she had a balance owed due to Defendant's failure to credit the amount for the upholstered bench.

35. Additionally, Defendant continued to automatically withdraw payments from Plaintiff.

COMPLAINT AND DEMAND FOR JURY TRIAL

36. In or around August 2022, Plaintiff once again contacted Defendant and disputed that she owed any money.

37. However, Defendant once again failed to credit the amount owed for upholstered bench and continued to send monthly statements for Plaintiff.

38. In or around November 2022, Plaintiff contacted Defendant once again.

39. During this conversation, Plaintiff finally discovered that Defendant had failed to credit the return for the upholstered bench and was continuing to charge her for that item.

40. Plaintiff informed Defendant of the issue and requested that Defendant correct it.

41. Defendant once again failed to correct the issue because it continued to send monthly payments to Plaintiff indicating she had a balance, and Defendant continued to automatically withdraw payments from her bank account.

42. Plaintiff does not owe any amount of money to Defendant.

43. Defendant unlawfully collected an amount of money from Plaintiff that was not owed.

44. Defendant also misrepresented the character, amount, or legal status of the debt.

COMPLAINT AND DEMAND FOR JURY TRIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

45. In addition to this, Defendant was furnishing information to each of the credit reporting agencies indicating that Plaintiff had an open balance on her Wayfair credit card account, which was inaccurate.

46. Upon information and belief, Defendant furnished inaccurate information about Plaintiff's Wayfair credit card account to each of the credit reporting agencies (Experian, Equifax and Trans Union) on a monthly basis.

47. Plaintiff did not owe any money to Defendant because all of the items purchased were returned and should have been properly credited.

48. As such, Defendant furnished inaccurate information to each of the credit reporting agencies on a monthly basis beginning in or around April 2022.

49. Each time Defendant furnished inaccurate information about Plaintiff's Wayfair credit card account to the credit reporting agencies is a separate and distinct violation under the CCRAA.

50. In addition, each time Plaintiff disputed the information to Defendant and Defendant responded indicating that a balance was owed, is a separate and distinct violation under the CCRAA.

51. As such, Defendant committed at least 15 violations of the CCRAA in addition to the violations under the RFDCPA.

52. Defendant's acts, as described above, were done willfully and knowingly.

COMPLAINT AND DEMAND FOR JURY TRIAL

53. The CCRAA allows a Plaintiff to recover up to $5,000 per violation if the Defendant is found to have willfully violated the statute.

54. Defendant's actions have caused Plaintiff to suffer from emotional and mental pain and anguish because Defendant repeatedly billed and took money from Plaintiff when no such amount was owed to Defendant.

55. Defendant was repeatedly put on notice by Plaintiff that it was incorrectly billing her, and unlawfully taking money from her when she returned all items to Defendant.

56. As a result of the above violations of the CCRAA and RFDCPA Plaintiff suffered and continues to suffer from emotional and mental pain and anguish, and an inaccurate credit report.

57. Defendant's inaccurate reporting made it seem as though Plaintiff had more debt than she actually did.

58. Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages and costs and attorney's fees.

## COUNT I

### Defendant Wayfair

### (Violations of Cal. Civ. Code § 1785 et seq.)

59. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

COMPLAINT AND DEMAND FOR JURY TRIAL

60. Defendant violated the CCRAA. Defendant's violations include, but are not limited to, the following:

    a.  Defendant violated Cal. Civ. Code § 1785.25 by furnishing information on a specific transaction or experience to the credit reporting agencies that Defendant knew or should have known is incomplete or inaccurate

        i.  Plaintiff purchased 3 items using her Wayfair credit card;

        ii.  Plaintiff returned the 3 items she purchased and Defendant accepted the return;

        iii.  Defendant failed to credit the return for one of the items;

        iv.  Defendant reported that Plaintiff had a balance, despite all items being returned;

        v.  Plaintiff repeatedly disputed the information with Defendant, however, Defendant failed to correct the violations;

61. Defendant's acts, as described above, were done willfully and knowingly.

62. As a result of the foregoing violations of the CCRAA, Defendant is liable to Plaintiff for actual damages, punitive damages, and attorneys' fees and costs pursuant to Cal. Civ. Code 1785.31.

## COUNT II

### Defendant Wayfair

COMPLAINT AND DEMAND FOR JURY TRIAL

1

**(Violations of Cal. Civ. Code § 1788 et seq.)**

2

3  63. Plaintiff incorporates herein by reference all of the above paragraphs of this

4      Complaint as though fully set forth herein at length.

5  64. Defendant violated the RFDCPA. Defendant's violations include, but are not

6      limited to, the following:

7

8      a. Defendant violated Cal. Civ. Code § 1788.14(b) by collecting or

9         attempting to collect from the debtor the whole or any part of the debt

10        collector's fee or charges for services rendered, or other expense

11        incurred by the debt collector in the collection of the consumer debt,

12

13        except as permitted by law;

14     b. Defendant violated Cal. Civ. Code § 1788.17 by collecting or

15        attempting to collect a consumer debt without complying with the

16

17        provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the

18        United States Code (Fair Debt Collection Practices Act).

19

20        i. Defendant violated Cal. Civ. Code § 1788.17 by violating 15

21           U.S.C. § 1692d by engaging in conduct, the natural consequence

22

23           of which is to harass, oppress or abuse any person in connection

24           with the collection of the alleged debt; and

25

26

27

28

COMPLAINT AND DEMAND FOR JURY
TRIAL

ii.  Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692e(2), which prohibits representation of (A) the character, amount, or legal status of any debt; and

iii.  Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692e(10), which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer; and

iv.  Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

v.  Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692f(1), which prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law;

65. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

66. Defendant was aware that Plaintiff returned all the items she had purchased but continued to bill her for an amount she no longer owed.

COMPLAINT AND DEMAND FOR JURY TRIAL

67. As a result of the foregoing violations of the RFDCPA, Defendant is liable to

Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Hoda Issa respectfully requests judgment be

entered against Defendant Wayfair LLC, for the following:

A. Declaratory judgment that Defendant violated the FCRA;

B. Actual damage against Defendant pursuant to 15 U.S.C. § 1681n(a)(1)
or § 1681o(a)(1);

C. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

D. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§
1681n(a)(3) and 1681o(a)(2);

F. Declaratory judgment that Defendant violated the CCRAA;

G. Actual damages against Defendant pursuant to Cal. Civ. Code §
1785.31(a)(2)(A);

H. Punitive damages in the amount of $5,000 for each violation as the court
deems proper against Defendant pursuant to Cal. Civ. Code §
1785.31(a)(2)(B);

I. Costs and attorneys' fees pursuant to Cal. Civ. Code § 1785.31(a)(1);

COMPLAINT AND DEMAND FOR JURY
TRIAL

J.  Punitive damages to be determined at trial, for the sake of example and

punishing Defendant for their malicious conduct, pursuant to Cal. Civ.

Code § 3294(a).

K.  Any pre-judgment and post-judgment interest as may be allowed under

the law; and

L.  Any other relief that this Honorable Court deems appropriate.


Respectfully submitted this 21st day of March 2023.


By: /s/ Youssef H. Hammoud
Youssef H. Hammoud (SBN: 321934)
HAMMOUD LAW, P.C.
yh@lawhammoud.com
3744 E. Chapman Ave., #F12269
Orange, CA 92858
T: (949) 301-9692
F: (949) 301-9693

*Attorneys for Plaintiff*
*Hoda Issa*

COMPLAINT AND DEMAND FOR JURY
TRIAL